IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDON MASON,<br><br>          Defendant. | Criminal Action No.<br><br>2:20-cr-4-RWS |

# ORDER

This matter is before the Court following the March 14, 2022 sentencing hearing to supplement the record concerning application of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), and whether Defendant's prior state court convictions are sufficient to establish the three requisite "serious drug offenses" for enhancing sentence.[1]  § 924(e)(2)(A)(ii).

It is undisputed that two of Defendant's four prior felony drug convictions qualify as ACCA predicate offenses.  [Presentence Investigation Report ("PSR"), ¶¶ 25, 26].  Defendant objected to reliance on his convictions for Attempted Distribution of Cocaine, in the Superior Court of Jackson County, Georgia, on or

---

[1] The parties submitted sentencing memoranda in advance of the hearing.  [Dkts. 55, 64, 65].

about September 23, 2010 [PSR, ¶ 27], and Possession with Intent to Distribute Marijuana, in the Superior Court of Jackson County, Georgia, on or about September 23, 2010 [PSR, ¶ 28]. The Court found that the Attempted Distribution of Cocaine conviction [PSR, ¶ 27] qualified as an ACCA predicate but not the Possession with Intent to Distribute ("PWID") Marijuana conviction [PSR, ¶ 28].

Because the Court ruled from the bench during the sentencing hearing, and because the legal issues presented are questions that have yet to be squarely decided by the Eleventh Circuit in a published opinion (and are matters of first impression for the undersigned as well), the Court will briefly highlight its reasoning and rationale.

## DISCUSSION

Under Section 924(e)(2)(A), "serious drug offense" is defined as either:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or

> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

Id.

Here, the relevant statutory provision is § 924(e)(2)(A)(ii), which identifies the types of state offenses that come within the ACCA.

1. **Attempted Distribution of Cocaine**

Defendant Mason, through counsel, presents a thoughtful legal argument concerning whether an attempted distribution of cocaine conviction is a "serious drug offense" for purposes of the ACCA.  His strongest argument relies on the canon of statutory construction *expressio unius exclusio alterius*.[2]  [Dkt. 65 at 4-7]. Defendant posits that the omission of "attempt" in the statutory definition of "serious drug offense" was purposeful and a deliberate policy decision by Congress.

The Government, on the other hand, argues that the ACCA's use of the term "involving" before identifying enumerated offenses (i.e., offenses "involving manufacturing, distributing, or possessing with intent to manufacture or distribute") makes it clear that "a serious drug offense might include 'state offenses that do not have as an element the manufacture, distribution, or possession of drugs with intent to manufacture or distribute.'" United States White, 837 F.3d 1225,

---

[2] Counsel argues that inclusion of attempt (i.e., "attempted use of force") in the definition of "violent felony" as supporting, by negative inference, a policy choice by Congress to omit crimes charging attempt from the definition of "serious drug offenses." [Dkt. 65 at 4-7 (contrasting with definition of "violent felony" in § 924(e)(2)(B)(i))].

3

1233 (11th Cir. 2016) (quoting § 924(e)(2)(A)(ii)).  In other words, the statutory language, including the word "involving," is so broad that the definition must encompass attempt.  [Dkt. 64 at 4-5].  And see White, 837 F.3d at 1233-35.  The Government points to caselaw from other circuits supporting this view.  See United States v. King, 325 F.3d 110, 115 (2nd Cir. 2003) (conviction for attempted possession of cocaine with intent to sell held to be serious drug offense within meaning of ACCA); United States v. Whindleton, 797 F.3d 105, 111 (1st Cir. 2015) (offer to sell controlled substance under New York law, like an attempt to sell, held to constitute serious drug offense for purposes of ACCA); United States v. Vickers, 540 F.3d 356, 366 (5th Cir. 2008) (offer to sell under Texas statute is serious drug offense under ACCA); United States v. Bynum, 669 F.3d 880, 887 (8th Cir. 2012) (offer to sell under Minnesota statute is serious drug offense under ACCA).

      The Court found that this conviction satisfied the statutory definition for a "serious drug offense" primarily because the term "involving" is universally defined broadly and because the rationale applied by other courts arriving at the same conclusion is sound and persuasive.  For instance, this Court relies heavily on the most recent case applying King.  See United States v. Ojeda, 951 F.3d 66, 73-76 (2nd Cir. 2020).  In Ojeda, the Second Circuit explained that the term

"involving" reasonably identifies inchoate (attempt and conspiracy) as well as substantive drug crimes for several reasons. Ojeda, 951 F.3d at 75. First, the court noted that, in defining federal drug offenses in § 924(e)(2)(A)(i), the ACCA refers to the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq.*, which criminalizes substantive offenses as well as related attempts and conspiracies to manufacture, distribute, or possess controlled substances. Id. (citing 21 U.S.C. § 846). In addition, the court observed that the punishments for substantive and inchoate offenses are identical under the CSA, "signaling Congress's view that [convictions for attempt and conspiracy] are equally serious drug offenses." Id. The court also concluded, by choosing to use the word "involving" in § 924(e)(2)(A)(ii), Congress meant for the definition to encompass "substantive crimes of actual manufacture, distribution, and possession, and inchoate attempt or conspiracy crimes of intended manufacture, distribution, and possession." Id. (citation omitted).

Lastly, Ojeda is a post-Johnson[3] decision and found that construing § 924(e)(2)(A)(ii) in this manner did not pose a vagueness or fair notice problem or

---

[3] In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause within the violent felony portion of the ACCA was unconstitutionally vague. The Ojeda court held that Johnson did not undercut a broad construction of the term "involving" and the ACCA's definition of "serious drug offense." 951 F.3d at 76.

undermine pre-Johnson authorities characterizing state drug offenses of attempt). Ojeda, 951 F.3d at 75-76; and see United States v. Cain, 877 F.3d 562, 563 (5th Cir. 2017) (stating in dicta that Johnson, which involved a different provision of ACCA, does not undermine sentencing court's analysis and treatment of Texas conviction for possession with intent to sell controlled substance as "serious drug offense").

### 2. Possession with Intent to Distribute Marijuana

Determining whether Defendant's PWID Marijuana Conviction qualifies as an ACCA predicate presents a different issue. The parties disagree about whether marijuana meets the definition of a controlled substance for purposes of the ACCA and the definition of "controlled substance offense" for purposes of the United States Sentencing Guidelines ("Guidelines") in light of changes in the law since 2010. Specifically, at the time of Defendant's state PWID conviction in 2010, the CSA definition of marijuana included hemp. See 21 U.S.C. § 802(16); 21 U.S.C. § 812, Schedule I(c)(10) (2010). Effective December 2018, upon enactment of the Agricultural Improvement Act of 2018 (or Farm Bill), the federal definition of marijuana within the CSA ("federal CSA") expressly excluded hemp. See 21

U.S.C. § 802(16)(B).[4]  The State of Georgia followed in 2019.  See O.C.G.A. § 16-13-21(16).

Defendant contends that the 2018 amendment to the federal CSA definition of marijuana precludes treating his 2010 Georgia state court conviction for PWID Marijuana as an ACCA predicate.  See United States v. Abdulaziz, 998 F.3d 519, 522–23 (1st Cir. 2021); see also United States v. Bautista, 989 F.3d 698, 703–04 (9th Cir. 2021).[5]

The Government represents that Defendant's argument is foreclosed by binding Eleventh Circuit precedent.  [Dkt. 64 at 8-9].  See United States v. Bates, 960 F.3d 1278, 1292–93 (11th Cir. 2020); United States v. Peraza, 754 F. App'x 908, 909–10 (11th Cir. 2018) (non-precedential) (considering Florida marijuana conviction and applying the prior precedent rule in denying similar argument that the state definition of marijuana was overbroad in that it covered hemp).

---

[4] Section 802(16)(B)(i) expressly states that "[t]he term "marihuana" does not include-- hemp[.]"

[5] The Government objected to the Court's sentence and suggested that the authorities relied upon by the Court were inapposite because they involved different guidelines.  Although factually correct, this is a distinction without a difference because the relevant guidelines both rely upon the CSA definition of a controlled substance.  See, e.g., Abdulaziz, 998 F.3d at 523 (§ 2K2.1(a)(2) refers to § 4B1.2(b) for definition of "controlled substance offense" and § 4B1.2(b) relies upon CSA definition of "controlled substance").

7

In determining whether prior convictions qualify for ACCA enhancement or as a predicate controlled substance offense under the Guidelines, the Court employs a categorical approach.  See Hollis v. United States, 958 F.3d 1120, 1123 (11th Cir. 2020) (citing Shular v. United States, 140 S. Ct. 779, 783 (2020)). Under this approach, the Court considers "only the fact of the prior conviction and the elements of the offense, not the particular facts of the defendant's crime." Hollis, 958 F.3d at 1123; Taylor v. United States, 110 S. Ct. 2143, 2159 (1990).  Under the categorical approach, the Court looks to "the least of the acts" criminalized by the statute of conviction. Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013) (citations omitted).

The parties agree that, as of 2010, "the least of the acts" criminalized under the Georgia statute was PWID hemp.  See Abdulaziz, 998 F.3d at 522 (citations omitted) (treating PWID marijuana conviction as PWID hemp for purposes of U.S.S.G. § 2K2.1(a)(2) even though record did not establish whether defendant perpetrated crime by possessing hemp).

### a. Defendant's Objection Is Not Foreclosed by Binding Eleventh Circuit Precedent

Pursuant to the prior panel precedent rule, the Eleventh Circuit is bound by its prior decisions "unless and until [they are] overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." United States

v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). "A prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel." Tippitt v. Reliance Standard Life Ins. Co., 457 F.3d 1227, 1234 (11th Cir. 2006).

The Government cites to Bates and Peraza for the proposition that Defendant's objection is foreclosed by binding Eleventh Circuit precedent. [Dkt. 64 at 8-9]. In terms of the existence of "binding precedent," Defendant has the better argument. [Dkt. 65 at 10-12]. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." Gann v. United States, 142 S. Ct. 1, 2 (2021) (citations omitted).

As framed by defense counsel, the issue presented is "the effect of the change in the federal definition of marijuana on past Georgia marijuana convictions." [Dkt. 65 at 10]. Stated differently, the Court was asked "whether the sentencing court should determine the relevance of [defendant's] prior state conviction under the federal sentencing law that exists at the time of sentencing or under federal sentencing law that no longer exists[.]" Bautista, 989 F.3d at 703. In Bautista, the Ninth Circuit reasoned that the goal of uniformity favored applying

9

current federal law and that looking to prior federal law would result in sentencing disparities.  Id.

In short, Bates did not speak to the specific legal issue being raised here.  In Bates, the defendant argued that the district court erred in determining that his Georgia convictions for PWID Marijuana qualified as "serious drug offenses," under the ACCA, and "controlled substance offenses," under the Guidelines. Bates, 960 F.3d at 1293.  As a general matter, Defendant argued that because the Georgia statute, § 16-13-30(j)(1), is broader than the federal definitions, his state court convictions failed the categorical test.  Id.  The court succinctly stated that the elements of defendant's state conviction aligned with the ACCA and Guidelines' definitions of "serious drug offense" and "controlled substance offense."  Id. at 1293.  The Bates panel did not consider the definitional argument concerning marijuana or decide the impact, if any, the 2018 amendments to the federal CSA has on Georgia state convictions for PWID marijuana.[6]

For these reasons, the Court concludes that the prior-panel-precedent rule does not apply.

---

[6] Peraza, which is unpublished and non-binding, is cited for the proposition that Section 4B1.2(b) does not explicitly refer to or reference the CSA.  See, e.g., United States v. Rafael Batiz-Torres, ___ F. Supp. 3d ___, ___, 2021 WL 5324906, at *4 (D. Ariz. Nov. 16, 2021).

**b. Merits of Defense Objection**

The Government argues that the ACCA governs the question and that "[t]he Court should not be distracted" by the recent Guidelines argument. [Dkt. 64 at 9]. However, the ACCA incorporates the "controlled substance" definition from Section 802, which is the same statutory provision precipitating the Guidelines debate.[7]  See, e.g., Rafael Batiz-Torres, 2021 WL 5324906, at *4 (discussing circuit split on whether federal CSA informs Section 4B1.2 definition of "controlled substance offense"; sustaining defense objection to application of career offender enhancement pursuant to § 4B1.2 and explaining that, "[b]ecause hemp is no longer a controlled substance, Defendant's prior federal convictions are overbroad, and do not count as controlled substance offenses" under current guidelines).  Significantly, the Government concedes that the courts that have found the Guidelines limited to the CSA schedules "generally have held that it is the CSA schedules at the time of the federal sentencing that matter." [Dkt. 64 at 10 (citing Bautista, 989 F.3d at 703-704)].

---

[7] The Sentencing Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

11

Moreover, the First Circuit determined that resolving whether a conviction of a hemp-based offense was a conviction of "a controlled substance offense" within the meaning of § 2K2.1(a)(2) "necessarily turns on the proper interpretation of the Guidelines. See Abdulaziz, 998 F.3d at 525 (finding that the definition of "controlled substance offense" under § 4B1.2(b) must reference the version of CSA at time of the instant federal sentencing, not a prior version); accord United States v. Miller, 2020 WL 4812711 (M.D. Pa. Aug. 19, 2020) (stating that, under the categorical approach, it "makes intuitive sense" to look to elements of the state statute as it existed at the time of the prior conviction and the federal offense as it presently exists) (internal citations omitted).

Absent binding Eleventh Circuit precedent on this issue, the Court agrees that application of current federal sentencing law is required. Therefore, at Defendant Mason's sentencing, the undersigned looked to the Georgia state law that governed at the time of Defendant's PWID Marijuana conviction in 2010 and applied the 2018 Guidelines Manual and current federal CSA definition for marijuana.

Since the federal CSA no longer criminalizes hemp, the Court determined that, in applying the Guidelines in effect at the time of his federal sentencing, the Georgia 2010 PWID Marijuana conviction was not an ACCA predicate offense.

## CONCLUSION

For the foregoing reasons, the Court overrules Defendant's objection to treatment of his 2010 Attempted Distribution of Cocaine Georgia conviction as an ACCA predicate and sustains Defendant's objection as to classification of his 2010 PWID Marijuana Georgia conviction as an ACCA predicate.[8]

**SO ORDERED** this 28th day of March, 2022.

_____
**RICHARD W. STORY**
United States District Judge

---

[8] Given the Court's finding that Defendant's Attempted Distribution of Cocaine conviction was a predicate, this ruling did not affect the Guidelines at sentencing.